**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIRGINIA L. FOLEY, *et al.*,<br>    Plaintiffs<br>    v.<br>SYRIAN ARAB REPUBLIC, *et al.*,<br>    Defendants. | Civil Action No. 11-699 (CKK) |

**ORDER AND ADMINISTRATIVE PLAN**
(April 13, 2017)

For the reasons set forth in the accompanying Memorandum Opinion, it is, this 13th day of April, 2017, hereby

**ORDERED** that default judgment is **GRANTED** against each Defendant.  It is further

**ORDERED** that Plaintiffs' [61] Motion for Judicial Notice of Certain Facts is **GRANTED**.  It is further

**ORDERED** that Plaintiffs' [70] Motion for the Court's Appointment of a Special Master to Administer Damages Proceedings is **GRANTED**.  Pursuant to its authority to appoint special masters "to hear damage claims brought under" 28 U.S.C. § 1605A and similar authority provided by Federal Rule of Civil Procedure 53, and upon consideration of his curriculum vitae and his declaration stating that he does not have a relationship to the parties, attorneys, action, or court that would require disqualification under 28 U.S.C. § 455, the Court appoints Alan Balaran as a special master to administer damages proceedings in this case.  Mr. Balaran must proceed with all reasonable diligence.  Mr. Balaran's duties include hearing damages evidence and making recommended findings of fact and conclusions of law as to each Plaintiff's entitlement to damages, including the availability of causes of action for each

1

Plaintiff. He shall have and exercise all of the powers set forth in Federal Rule of Civil Procedure 53(c).

Mr. Balaran is to be guided as to admissibility of evidence by the Federal Rules of Evidence. Authentication as required by Federal Rule of Evidence 901 may be made by any counsel's representation as an officer of the Court that a proffered document is genuine and is an accurate copy of what that counsel proffers it to be.

Mr. Balaran may communicate *ex parte* with the Court, or with any party with respect to non-substantive matters, to the extent necessary for the efficient administration and management of the damages proceedings.

At the close of the damages proceedings, Mr. Balaran shall file a damages report for each Plaintiff on the electronic docket which shall include a record of his activities. Any party may file an objection to Mr. Balaran's report or recommendation within 21 days of the date it is filed on the electronic docket. Failure to meet this deadline will result in permanent waiver of any objection to the Special Master's findings, report or recommendations. Absent timely objection, the Special Master's findings, reports and recommendations shall be deemed approved, accepted and ordered by the Court, unless the Court provides otherwise. The Court will review objections to the Special Master's findings of fact and conclusions of law de novo. The Court will only set aside Mr. Balaran's rulings on procedural matters for abuse of discretion.

Mr. Balaran shall be paid $1,000.00 per day. Payment shall be made pursuant to 28 U.S.C. § 1605A(e)(2). If less than half of a work day is expended, Mr. Balaran shall be paid $500.00. If more than half of a work day is expended but less than a full day, Mr. Balaran shall be paid $1,000.00. In addition, Mr. Balaran shall be paid out of pocket expenses related to his

duties, not to exceed $300.00 per day and his transportation expenses.  Should any question as to expenses arise, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business related shall be paid.

    **SO ORDERED.**

                                          /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge